BRENDAN J. O'ROURKE (*Pro Hac Vice admission to be applied for*)
JENIFER DEWOLF PAINE (*Pro Hac Vice admission to be applied for*)
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
E-mail: borourke@proskauer.com
jpaine@proskauer.com

JOSHUA J. POLLACK (State Bar No. 215922)
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, California 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
E-mail: jpollack@proskauer.com

Attorneys for Plaintiff DONALD J. TRUMP

ORIGINAL
FILED
07 JAN 19 AM 11:04
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
E-FILING
ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONALD J. TRUMP,<br><br>Plaintiff,<br><br>v.<br><br>RON BAKER, ELLIOT KRAMER, TRUMP'S BEST COFFEE, GLOBLE VIVA, INC.<br><br>Defendants. | Case No. C07 00378 SI<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Donald J. Trump, by his attorneys Proskauer Rose LLP, brings this action for trademark infringement, unfair competition, and violation of right of publicity against Defendants Ron Baker, Elliot Kramer, Trump's Best Coffee, and Globle Viva, Inc. (collectively, "Defendants"):

**Parties**

1. Plaintiff Donald J. Trump is an individual residing in New York, New York. Mr. Trump is a world famous real estate developer and business executive. He is also the star of the hit television show *The Apprentice*.

2. On information and belief, Defendant Ron Baker is an individual residing in San Francisco, California.

3. On information and belief, Defendant Elliot Kramer is an individual residing in San Francisco, California.

4. On information and belief, Defendant Trump's Best Coffee is an unregistered d/b/a of Defendants Baker and Kramer, with an address of 4300 Geary Boulevard, San Francisco, CA 94118.

5. On information and belief, Defendant Globle Viva, Inc. is a California corporation with an address of 4300 Geary Boulevard, San Francisco, CA 94118.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over this Complaint pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, because the action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*., and pursuant to the supplemental jurisdiction provisions contained in 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants because Defendants reside in and do business in this judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims

occurred in this judicial district, and Defendants are subject to personal jurisdiction in this judicial district.

**Intradistrict Assignment**

9. Pursuant to Local Civil Rule 3-2(c), this case is subject to district-wide assignment because it involves intellectual property claims.

**Facts Common To All Counts**

10. Mr. Trump is a world famous real estate developer and business executive. He is famous for his endeavors not only in real estate, but in sports, gaming, entertainment, and recreation. He is also the author of seven bestselling books. Since early 2004, Mr. Trump has starred in and executive produced the hit television show *The Apprentice*, which, due to its nationwide audience and high ratings, has raised Mr. Trump's profile even further.

11. Mr. Trump is the owner of U.S. Trademark Registration No. 2,226,174 for TRUMP INTERNATIONAL HOTEL & TOWER for, *inter alia*, "hotel services and restaurant services", U.S. Reg. No. 2,269,568 for TRUMP NATIONAL GOLF CLUB for, *inter alia*, "social club and restaurant services", U.S. Reg. No. 2,577,243 for TRUMP PLAZA for "hotel, bar, and restaurant services", U.S. Reg. No. 2,240,310 for TRUMP for hotel services, and U.S. Reg. No. 2,413,984 for TRUMP for spring water. U.S. Reg. Nos. 2,226,174, 2,240,310, 2,413,984, and 2,269,568 have obtained incontestable status.

12. Mr. Trump is continually expanding his business endeavors. Trump Magazine, launched in 2004, is a quarterly magazine about business deals, travel, golf, nightlife, fine dining, luxury goods, fashions, gaming, libations, cigars, and other business and lifestyle related topics. In 2005, Mr. Trump launched Trump University and the Trump Institute, which provide business instruction. In 2006, Mr. Trump launched GoTrump.com, an online full-service travel agency.

Mr. Trump also licenses menswear fashions and accessories under the TRUMP name.

13. As a result of Mr. Trump's decades-long real estate and business activities, as well as his more recent business and entertainment expansions, Mr. Trump's name has developed significant goodwill and trademark significance. The public has come to associate the name TRUMP exclusively with Mr. Trump.

14. During June of 2006, Defendants launched the web site TRUMPSBESTCOFFEE.COM. The website is an elaborate display of "coffee houses / business centers." The site claims that TRUMP'S BEST COFFEE is a proposed franchise of coffee houses that will be "designed to encourage business meetings with WI-FI access, fax and copy machines, business journals and newspapers, live working stock market ticker, business educational books, CD's [sic], and software."

15. Defendants have not even attempted to disguise their attempt to associate their endeavor with Mr. Trump. On Defendants' web site, in reference to Defendant Ron Baker, it states "After attending the Trump Institute Seminars, he was impressed with Donald Trump's hand picked world class experts. At the Institute, Ron was inspired to create Trump's Best Coffee. Not wasting any time and while at the Trump Institute weekend, Ron was able to identify certain individuals and later assemble a team of professionals who wanted to work together for the goal of creating the Trump's Best Coffee Franchise."

16. Defendant Baker also has stated that he plans to expand the franchise into the Los Angeles, California area, and stated that he hoped to utilize the filming of Season Six of *The Apprentice* in Los Angeles to promote the TRUMP'S BEST COFFEE franchise in the Los Angeles area.

17. Before being contacted by counsel for Mr. Trump, Defendants' web site further stated: "With the immediate recognition of the Donald Trump name . . .

we will get the attention of the general public." After Mr. Trump's counsel contacted Defendants, Defendants changed this sentence to state: "With the immediate recognition of the name Trump's Best Coffee . . . we will get the attention of the general public." The intention remains clear.

18. In response to demands from Mr. Trump's counsel, Defendants have refused to discontinue the TRUMP'S BEST COFFEE proposed franchise or take down the web site.

19. Everything about the overall look and feel of the TRUMP'S BEST COFFEE web site is designed to make consumers (and potential franchisees) believe that the venture is associated with Mr. Trump.

20. On or about June 26, 2006, Defendant Globle Viva, Inc. filed U.S. Trademark application Serial No. 78/917,348 for the mark TRUMP'S BEST COFFEE for "coffee-house and snack bar services."

21. On December 6, 2006, the United States Patent and Trademark Office issued an initial rejection of Defendants' trademark application, the reason being a likelihood of confusion with U.S. Reg. No. 2,226,174 (for TRUMP INTERNATIONAL HOTEL & TOWER for, *inter alia*, "hotel services and restaurant services"), U.S. Reg. No. 2,269,568 (for TRUMP NATIONAL GOLF CLUB for, *inter alia*, "social club and restaurant services"), and U.S. Reg. No. 2,577,243 (for TRUMP PLAZA for "hotel, bar, and restaurant services"), all owned by Mr. Trump. The Trademark Office noted that "the only difference between [Defendants' mark and Mr. Trump's marks] is applicant's substitution of descriptive/disclaimed wording with its own descriptive wording."

**COUNT I – TRADEMARK INFRINGEMENT**

**PURSUANT TO 15 U.S.C. § 1114**

22. Plaintiff repeats and realleges every allegation contained in paragraphs 1 – 21 as though fully set forth herein.

23. Mr. Trump is the owner of U.S. Reg. Nos. 2,226,174, 2,269,568, and 2,577,243 for TRUMP-formative marks covering restaurant services, U.S. Reg. No. 2,240,310 for the mark TRUMP for hotel services, and U.S. Reg. No. 2,413,984 for TRUMP for spring water.

24. Defendants have, without Mr. Trump's consent, used the mark TRUMP in connection with the promotion of a business of coffee bars and business centers in a manner that renders the mark substantially and confusingly similar to Mr. Trump's various TRUMP trademarks.

25. The foregoing acts of Defendants constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C.§ 1114.

26. Defendants' actions are likely to cause confusion or cause mistake, or to deceive the relevant consuming public.

27. Mr. Trump has suffered, is suffering, and will continue to suffer irreparable injury for which he has no adequate remedy at law. Mr. Trump is therefore entitled to an immediate and permanent injunction against further infringing conduct by Defendants.

28. On information and belief, Defendants have profited and are profiting from such infringement and Mr. Trump has been and is being damaged by such infringement. Mr. Trump is therefore entitled to recover damages and/or profits from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

29. Defendants' infringing conduct has been willful, wanton, and malicious, and done with an intent to deceive. Mr. Trump is therefore entitled to an award of his reasonable attorneys' fees and costs, profits, and treble his actual damages pursuant to 15 U.S.C. § 1117(a). Mr. Trump is also entitled to, among other things, the cost of corrective advertising.

**COUNT II – UNFAIR COMPETITION**

**15 U.S.C. § 1125(A)**

30. Plaintiff repeats and realleges every allegation contained in paragraphs 1 – 29 as though fully set forth herein.

31. Defendants' acts as alleged herein also constitute false designation of origin, unfair competition, and false advertising in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

32. Mr. Trump has suffered, is suffering, and will continue to suffer irreparable injury for which he has no adequate remedy at law. Mr. Trump is therefore entitled to an immediate and permanent injunction against further infringing conduct by Defendants.

33. Defendants have profited and are profiting from such infringement and Mr. Trump has been and is being damaged by such infringement. Mr. Trump is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

34. Defendants' infringing conduct has been willful, wanton, and malicious, and done with an intent to deceive. Mr. Trump is therefore entitled to an award of his reasonable attorneys' fees and costs, profits, and treble his actual damages, pursuant to 15 U.S.C. § 1117(a). Mr. Trump is also entitled to, among other things, the cost of corrective advertising.

**COUNT III – FEDERAL TRADEMARK DILUTION**

**15 U.S.C. § 1125(C)**

35. Plaintiff repeats and realleges every allegation contained in paragraphs 1 – 34 as though fully set forth herein.

36. Defendants' acts as alleged herein are likely to dilute the distinctive qualities of the famous TRUMP trademark and constitute trademark dilution in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(c).

37. Mr. Trump has suffered, is suffering, and will continue to suffer irreparable injury for which he has no adequate remedy at law. Mr. Trump is therefore entitled to an immediate and permanent injunction against further infringing conduct by Defendants.

38. Defendants have profited and are profiting from such dilution and Mr. Trump has been and is being damaged by such dilution. Mr. Trump is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' activities.

39. Defendants' conduct has been willful, wanton, and malicious. Mr. Trump is therefore entitled to an award of his reasonable attorneys' fees and costs, profits, and treble his actual damages, pursuant to 15 U.S.C. § 1117(a).

**COUNT IV – CYBERSQUATTING**

**15 U.S.C. § 1125(D)**

40. Plaintiff repeats and realleges every allegation contained in paragraphs 1 – 39 as though fully set forth herein.

41. By registering the domain name www.TrumpsBestCoffee.com and using that domain name in the manner set forth herein, Defendants have violated the federal AntiCybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

42. Mr. Trump has suffered, is suffering, and will continue to suffer irreparable injury for which he has no adequate remedy at law. Mr. Trump is therefore entitled to an order directing that the domain name be transferred to him.

43. Defendants have profited and are profiting from such violation of the federal AntiCybersquatting Consumer Protection Act and Mr. Trump has been and is being damaged by such violation. Mr. Trump is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

44. Defendants' infringing conduct has been willful, wanton, and malicious, and done with an intent to deceive and a bad faith intent to profit. Mr. Trump is therefore entitled to an award of his reasonable attorneys' fees and costs, profits, and treble his actual damages, pursuant to 15 U.S.C. § 1117(a). Mr. Trump is also entitled to, among other things, the cost of corrective advertising.

45. Mr. Trump is also entitled to, among other things, and if he so elects before final judgment, statutory damages of up to $100,000 pursuant to 15 U.S.C. § 1117(e).

**COUNT V – TRADEMARK INFRINGEMENT UNDER STATE LAW**
**(CALIFORNIA BUS. & PROF. CODE § 14320)**

46. Plaintiff repeats and realleges every allegation contained in paragraphs 1 – 45 as though fully set forth herein.

47. By the acts set forth above, Defendants have infringed and continue to infringe Mr. Trump's rights regarding his federal trademark registrations, in violation of California Business and Professions Code §§ 14320 and 14330. Defendants' conduct is likely to cause confusion, mistake, and deception among the general purchasing public, and to interfere with Mr. Trump's ability to use his mark to indicate a single quality control source of goods and services.

48. Mr. Trump has suffered, and is suffering, and will continue to suffer irreparable injury for which he has no adequate remedy at law. Mr. Trump is therefore entitled to an immediate and permanent injunction against further infringing conduct by Defendants.

**COUNT VI – TRADEMARK INFRINGEMENT UNDER STATE LAW**
**(CALIFORNIA COMMON LAW)**

49. Plaintiff repeats and realleges every allegation contained in paragraphs 1 – 48 as though fully set forth herein.

50. Defendants' acts as alleged herein are likely to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association of Defendants with Mr. Trump, and as to the origin, sponsorship, or approval of Defendants' goods and services by Mr. Trump.

51. Defendants' unauthorized acts constitute direct infringement of Mr. Trump's federal trademarks in violation of California common law.

52. Defendants' conduct is intentional, malicious, and wanton in that Defendants infringed and continue to infringe Mr. Trump's federal trademarks with full knowledge that Mr. Trump owns and has the exclusive right to use his federal trademarks, and with the intention of causing a likelihood of confusion and mistake and to deceive.

53. Mr. Trump has suffered, is suffering, and will continue to suffer irreparable injury for which Mr. Trump has no adequate remedy at law. Mr. Trump is therefore entitled to an immediate and permanent injunction against further infringing conduct by Defendants.

54. On information and belief, Defendants have profited and are profiting from such infringement and Mr. Trump has been and is being damaged by such infringement. Mr. Trump is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

55. Defendants' infringing conduct has been willful, wanton, and malicious, and done with an intent to deceive. Mr. Trump is therefore entitled to an award of his reasonable attorneys' fees and costs, profits, and treble his actual damages, pursuant to 15 U.S.C. § 1117(a). Mr. Trump is also entitled to, among other things, the cost of corrective advertising.

**COUNT VII – TRADEMARK DILUTION UNDER STATE LAW**
**(CALIFORNIA BUS. & PROF. CODE § 14330)**

56. Plaintiff repeats and realleges every allegation contained in paragraphs 1 – 55 as though fully set forth herein.

57. Defendants' acts as alleged herein are likely to cause injury to Mr. Trump's business and reputation, and to dilute the distinctive quality of the TRUMP mark. On information and belief. Defendants knew and intended these acts to dilute the TRUMP mark, and to injure Mr. Trump's business and reputation. Defendants' acts constitute trademark dilution under California Business and Professions Code §§ 14330 and 14335, and California common law.

58. Absent injunctive relief, Mr. Trump has no means by which to control Defendants' dilution of Mr. Trump's mark. Mr. Trump is therefore entitled to injunctive relief prohibiting Defendants from continuing such acts of dilution and unfair competition.

**COUNT VIII – FALSE ADVERTISING UNDER STATE LAW**
**(CALIFORNIA BUS. & PROF. CODE § 17500 ET SEQ.)**

59. Plaintiff repeats and realleges every allegation contained in paragraphs 1 – 58 as though fully set forth herein.

60. Defendants' acts as alleged herein constitute the use of deceptive, untrue, and misleading advertising, of which Defendants knew or should have known, thereby impairing Mr. Trump's goodwill and otherwise adversely affecting Mr. Trump's business and reputation. These acts constitute false advertising under California Business and Professions Code § 17500 et seq. and California common law.

61. Absent injunctive relief, Mr. Trump has no means by which to control Defendants' deceptive, untrue, and misleading advertising. Mr. Trump is therefore

entitled to injunctive relief prohibiting Defendants from continuing such acts of dilution and unfair competition.

62. Mr. Trump is also entitled to recover restitution in the form of Defendants' profits, in an amount to be proved at trial, as a consequence of Defendants' wrongful activities.

**COUNT IX – UNFAIR COMPETITION UNDER STATE LAW (CALIFORNIA BUS. & PROF. CODE § 17200 ET SEQ.)**

63. Plaintiff repeats and realleges every allegation contained in paragraphs 1 – 62 as though fully set forth herein.

64. The TRUMP mark is wholly associated with Mr. Trump due to its extensive use by him, and as such, Mr. Trump is deserving of having his mark adequately protected with respect to the conduct of his business.

65. Defendants' wrongful conduct as alleged herein constitutes unfair competition and unfair, unlawful, and fraudulent business practices.

66. Based on the wrongful, unlawful, fraudulent, and unfair acts described herein, Defendants are in violation of California Business and Professions Code § 17200 et seq.

67. Mr. Trump has suffered, is suffering, and will continue to suffer irreparable harm and injury for which he has no adequate remedy at law. Mr. Trump is therefore entitled to a permanent injunction against further unfair conduct by Defendants.

68. Defendants have profited, and are profiting, from such unfair conduct.

69. Mr. Trump is therefore entitled to recover restitution in the form of Defendants' profits, in an amount to be proved at trial, as a consequence of Defendants' wrongful activities.

**COUNT X – VIOLATION OF RIGHT OF PUBLICITY**
**(N.Y. CIVIL RIGHTS STATUE § 50 AND 51 AND CALIFORNIA CIVIL CODE § 3344)**

70. Plaintiff repeats and realleges every allegation contained in paragraphs 1 – 69 as though fully set forth herein.

71. Defendants' unauthorized use of Mr. Trump's name in connection with the promotion of their business constitutes a violation of Mr. Trump's right of publicity, in violation of N.Y. Civil Rights Statute §§ 50 and 51 and California Civil Code § 3344.

WHEREFORE, Mr. Trump respectfully prays for an Order to be entered against Defendants as follows:

A. Preliminarily and permanently restraining and enjoining Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice thereof, jointly and severally:

i. from using the name TRUMP on or in connection with any product or service or the promotion thereof; or any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the minds of the public or to deceive the public into the belief that Defendants' products or services originate with or are associated with Mr. Trump;

ii. from representing by any means whatsoever, directly or indirectly, that any products sold or services rendered by Defendants are associated with, sponsored by, and/or connected or affiliated with Mr. Trump, or from otherwise taking any action likely to cause confusion, mistake or deception on the part of purchasers as to the origin or sponsorship of Defendants' products or services;

iii. otherwise competing unfairly with Mr. Trump in any manner;

iv. using any words, names, styles, designs, titles, or marks that create a likelihood of injury to the business reputation of Mr. Trump or a likelihood of dilution of Mr. Trump's mark and the goodwill associated therewith;

v. using any trade practices whatsoever including those complained of herein, that tend to unfairly compete with or injure Mr. Trump's business and goodwill pertaining thereto;

vi. continuing to perform in any manner whatsoever any of the acts complained of in this complaint;

vii. from causing, engaging in or permitting others to do any of the aforesaid acts.

B. Requiring Defendants to immediately take down the web site currently accessible through the URL www.TrumpsBestCoffee.com, and recall from the trade and all distribution channels any and all products, packaging, advertising and promotional materials bearing the mark TRUMP;

C. Directing that the URL www.TrumpsBestCoffee.com be transferred to Mr. Trump;

D. Directing Defendants to deliver up to this Court by a date which the Court shall direct, for impounding, destruction or other disposition, all materials bearing the infringing trademark and/or trade dress in the Defendants' possession, custody or control, including, without limitation, all merchandise, transfer designs, packaging, package inserts, labels, signs, prints, wrappers, receptacles, advertising or other materials and the means for making or reproducing same, that violate the provisions of Paragraph A above, or any portion thereof.

E. Directing Defendants to file with the Court and serve on counsel for Mr. Trump within thirty (30) days after entry of any preliminary or permanent

injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction.

F. Directing Defendants to account to Mr. Trump for all gains, profits, and advantages derived from Defendants' wrongful acts above described.

G. Directing that Defendants pay Mr. Trump such damages as Mr. Trump has sustained as a consequence of Defendants' wrongful acts complained of herein.

H. Directing that the aforesaid amounts be multiplied or otherwise enhanced as authorized by law.

I. Awarding Mr. Trump on his state law claims, compensatory damages in an amount to be determined at trial.

J. Awarding Mr. Trump punitive damages in such amount as may be determined at trial.

K. Finding this to be an "exceptional case," because of the willful and outrageous nature of these violations, and directing that Defendants pay Mr. Trump the costs of this action and his reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

L. Granting Mr. Trump such other and further relief as the Court may deem just and proper.

DATED: January 18, 2007

JOSHUA J. POLLACK
PROSKAUER ROSE LLP

By: /s/ Joshua J. Pollack
Joshua J. Pollack

Attorneys for Plaintiff
DONALD J. TRUMP

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

DATED: January 18, 2007

JOSHUA J. POLLACK
PROSKAUER ROSE LLP

By: /s/ Joshua J. Pollack
Joshua J. Pollack

Attorneys for Plaintiff
DONALD J. TRUMP

**CERTIFICATE OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: January 18, 2007

JOSHUA J. POLLACK
PROSKAUER ROSE LLP

By: [signature]
Joshua J. Pollack

Attorneys for Plaintiff
DONALD J. TRUMP